975 F.2d 870
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lorenzo O. JULIPA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3145.
 United States Court of Appeals, Federal Circuit.
 July 21, 1992.
 
 Before LOURIE and RADER, Circuit Judges, and MILLS, District Judge.*
 RADER, Circuit Judge.
 
 DECISION
 
 1
 Mr. Lorenzo Julipa appeals the Merit Systems Protection Board's October 25, 1989 decision. Docket No. SE08318910715. The Board's decision affirmed the Office of Personnel Management's denial of Mr. Julipa's application for a civil service retirement annuity. This court affirms.
 
 DISCUSSION
 
 2
 Mr. Julipa separated from Government civilian service in 1951. Thus, in order to receive a retirement annuity, he must have served at least five years in a position subject to the Civil Service Retirement Act (CSRA) of 1942. See 56 Stat. 13, 16 (1942) (current version codified as amended at 5 U.S.C. § 8338 (1988)).
 
 
 3
 The Board found that the only position held by Mr. Julipa subject to the CSRA was his last Government position. Mr. Julipa served in that position less than the required five years. Furthermore, in 1977, Mr. Julipa obtained a refund for the $14.98 he paid into the annuity fund. Under the terms of this refund, Mr. Julipa forfeited any annuity rights he might have had at that time. Lastly, even if all of Mr. Julipa's documented federal employment was creditable under the 1942 CSRA, his total service is still less than the five years required to qualify for a retirement annuity.
 
 
 4
 Mr. Julipa asserts that, in denying him a retirement annuity, the Board incorrectly failed to consider his federal employment between 1940 and 1945. Mr. Julipa also asserts that federal employment during this period would be creditable toward a CSRA annuity under the Missing Persons Act, ch. 166, § 2, 56 Stat. 144 (1942) (current version codified as amended at 5 U.S.C. §§ 5561-70 (1988)). See also Celestino v. Office of Personnel Management, 44 M.S.P.B. 500, 503 (1990). However, Mr. Julipa provides no substantial evidence of federal employment between 1940 and 1945, or that such employment would be creditable under the CSRA. Without such creditable service, Mr. Julipa cannot obtain the annuity credit he seeks under the Missing Persons Act.
 
 
 5
 The applicant bears the burden of proving entitlement to civil service annuity benefits. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). Mr. Julipa has not met that burden.
 
 
 
 *
 The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation